16-3159-cr
United States of America v. Anthony Cuti

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         JOSÉ A. CABRANES,
         RICHARD C. WESLEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                         16-3159-cr

Anthony Cuti,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          GREGORY M. LIPPER (Brian C. Brook
                        on the brief), Clinton Brook &
                        Peed, Washington, DC.

FOR APPELLEE:           ELISHA J. KOBRE (Anna M. Skotko on
                        the brief), Assistant United
                        States Attorneys for Joon H.
                        Kim, Acting U.S. Attorney for

1

the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED in part** and **VACATED AND REMANDED in part**.

Anthony Cuti appeals from the judgment of the United States District Court for the Southern District of New York (Batts, J.), ordering a final restitution payment in the amount of $6,253,547.52 to compensate the victims of the fraud Cuti perpetrated as Chief Executive Officer of Duane Reade. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Victim and Witness Protection Act ("VWPA") authorizes the restitution of "necessary ... expenses related to participation in the investigation or prosecution of the offense." 18 U.S.C. § 3663(b)(4). Our circuit generally takes a "broad view of what expenses are 'necessary'" in the restitution context. United States v. Maynard, 743 F.3d 374, 381 (2d Cir. 2014); see United States v. Amato, 540 F.3d 153, 159-60 (2d Cir. 2008). We recognized in Maynard that restitution under the VWPA may include attorneys' fees and accounting costs that "the victim was required to incur to advance the investigation or prosecution of the offense." 743 F.3d at 381.

We review a restitution order for abuse of discretion. United States v. Boccagna, 450 F.3d 107, 113 (2d Cir. 2006). The district court has "broad discretion" to make a "reasonable estimate" of actual loss "based on the evidence before it," United States v. Milstein, 481 F.3d 132, 137 (2d Cir. 2007), and we review those estimates "deferentially." Boccagna, 450 F.3d at 113. At the same time, federal courts lack the inherent power to order restitution, and the government bears the burden to show necessity by a preponderance of the evidence. 18 U.S.C. § 3664(e).

On the appeal from Cuti's 2013 restitution award of $7,615,217,90, we expressed concern that complexities stemming from the overlapping civil and criminal cases and billing records implicated Maynard's limiting principle that

2

work must have been required to advance the investigation or prosecution of Cuti's offenses.  See United States v. Cuti, 778 F.3d 83, 94-95 (2d Cir. 2014) (Cuti I).  Specifically, we advised that the investigative work performed by law firms in furtherance of the civil arbitration would not be compensable, as opposed to "an internal investigation to root out accounting or securities fraud."  Id. at 95.  We also raised the possibility of "redundant or duplicative" expenses between the work performed by the two law firms retained by Duane Reade, which "cannot both have been 'necessary' to advance the government's investigation."  Id.  We accepted that "[u]ltimately, it may be that the lack of clarity in the record results in some of Duane Reade's claimed expenditures not being subject to restitution."  Id. at 96.

On remand the district court solicited further briefing and evidence from the parties.  Among the materials submitted were declarations from Daniel Beller and Jonathan Freedman, attorneys at Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") who reviewed billing records in detail to remove any charges for redundant expenses or work performed solely on behalf of Duane Reade's private equity owner and the arbitration.  This analysis resulted in the victim-claimants withdrawing nearly $1 million in requested fees.

The district court, applying the "necessity" standard articulated in Cuti I and Maynard, further excised from the award roughly two-thirds of Paul, Weiss' fees incurred prior to the commencement of the government's investigation on the basis that they were directed at least in part towards the arbitration.  It made other downwards adjustments for work that was unnecessary or poorly documented.  Ultimately, the district court found that the majority of the submitted expenses were supported with sufficient detail to warrant an award of restitution.

Cuti contends on this appeal that given the lack of clarity in the law firm billings, the government impermissibly shifted to him the burden to separate the necessary charges from the non-compensable ones.  Cf. Cuti I, 778 F.3d at 95.  But on the record before us, the government and Duane Reade met their burden with respect to nearly all expenses by submitting substantial evidence of the legal and financial services fees sought for restitution.  These records are supported by declarations

3

from senior lawyers who supervised the investigations.  See United States v. Gupta, 925 F. Supp. 2d 581, 587 (S.D.N.Y. 2013).  Once the government supplied its evidence, Cuti had ample opportunity to challenge these expenses.  The district court then exercised its broad discretion to make a reasonable accounting from a thorough record, and we do not disturb this finding lightly.  See United States v. Gushlak, 728 F.3d 184, 194-96 (2d Cir. 2013).

Cuti points to certain errors in the declarations and ambiguities that arose out of block-billing practices.  If Duane Reade's counsel had anticipated restitution, they could have kept better track of their hours by implementing separate billing codes or stricter time card narratives.  In part to rectify any confusion, Daniel Beller's declaration painstakingly describes and dissects the billings records for Paul, Weiss over many years.  The district court may reach its findings on the basis of these efforts: "absolute precision is not required."  United States v. Ageloff, 809 F. Supp. 2d 89, 104 (E.D.N.Y. 2011), aff'd sub. nom. United States v. Catoggio, 698 F.3d 64 (2d Cir. 2012).  To undo the entire award, given our limited perspective, would run afoul of the district court's well-recognized role to "make a reasonable approximation of recoverable losses" after performing a diligent analysis of a thorough record.  See United States v. Hatfield, No. 06-CR-0550 (JS)(AKT), 2015 WL 13385926, at *13 (E.D.N.Y. Mar. 27, 2015); United States v. Milstein, 481 F.3d at 137.  We decline to do so.

**Attorneys' Fees for the Criminal Proceedings**

At the same time, we recognize that not every category of attorney work product meets the essential burden in our circuit that the government show all charges were "required to incur to advance the investigation or prosecution of the offense."  Maynard, 743 F.3d at 381; see Hatfield, 2015 WL 13385926, at *13.  A district court abuses its discretion when it exceeds its statutory authority to award restitution for necessary expenses under 18 U.S.C. § 3663(b).  See United States v. Reifler, 446 F.3d 65, 127 (2d Cir. 2006).

Cuti challenges the discrete category of time billed for Paul, Weiss attorneys to monitor the criminal trial of Cuti and his co-defendant.  The tasks billed involved attendance at proceedings, reviewing trial transcripts, generating memorandums and summaries of motion practice, and drafting press releases.  The district court imposed

restitution for these amounts, but neither the court nor the government adduced proof that those charges were necessary to advance the prosecution under 18 U.S.C. § 3663(b)(4).

The district court offered a single justification for including these amounts in the restitution award:  "It is entirely reasonable for Duane Reade's counsel to spend a modest amount of time to track the status of criminal proceedings related to its former CEO and to disseminate information to its auditors and the public."  United States v. Cuti, 2016 WL 4544062, at *10 (S.D.N.Y. Aug. 30, 2016).  In a single sentence, the government added that the "minimal expenses" were "necessary to enable Claimants to respond quickly and efficiently to the Government's requests for information and documents."  Appellee's Br. 38.  However, the government could not identify any assistance rendered to the prosecution by Duane Reade that relied upon these monitoring efforts, or a single instance in which those efforts were necessary to respond to any "requests for information and documents."

It may be, as Judge Batts suggests, "entirely reasonable" for Duane Reade to desire to remain "abreast" of the events of the trial of its former CEO.  Id.  But our standard for restitution does not concern itself with the private incentives of the victim.  See Cuti I, 778 F.3d at 95 ("A corporate client such as Duane Reade is entitled to expend as much as it deems prudent. ... However, under Maynard, not all such expenses are 'necessary' for restitution purposes.");  see also Hatfield, 2015 WL 13385926, at *13 (The Claimant is "entitled to the legal fees that it incurred in *cooperating* with the Government's prosecution of Defendants and launching its own internal investigation." (emphasis added)).  Further, the government cannot justify charges for plainly unnecessary activities simply because they are "minimal."  Modest as these sums may be relative to the full restitution award, they are discrete and, without stronger justification, "gratuitous."  See Maynard, 743 F.3d at 381-82 (removing individual amounts from the district court's restitution order for a bank's wanted posters).

We have noted the crucial distinction between actions that merely "helped" to the prosecution and actions deemed truly necessary.  Cuti I, 778 F.3d at 95.  The latter are compensable, and the former are not.  All parties now agree that Duane Reade is not entitled to restitution for legal

5

fees expended in related cases such as the arbitration. Id. By the same token, it was an abuse of discretion under Cuti I and Maynard to accept that the government sustained its burden to prove the necessity of time billed for monitoring the criminal proceedings, which was never shown to contribute to the investigation or to the government's case. See, e.g., United States v. Nosal, 844 F.3d 1024, 1048 (9th Cir. 2016) (agreeing with the district court that restitution should not be awarded for entries related to attorney review of filings, orders, and press coverage, but vacating and remanding for further potential reductions in the award); United States v. Wong, 2014 WL 2700925, at *3 (N.D. Cal. Jun. 13, 2014) (concluding that "reviewing the pleadings, indictments, and orders" in the criminal case was "not reasonably necessary for purposes of the MVRA").

The final restitution award should not include attorneys' fees billed by Paul, Weiss or Cooley for monitoring the criminal trial of Cuti and his codefendant, such as, among other related activities, attending proceedings, reviewing trial transcripts, generating summaries of trial events, and drafting press releases.

For the foregoing reasons, we hereby **AFFIRM in part** and **VACATE AND REMAND in part** for the district judge to revise the final restitution award consistent with this summary order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6