24-2932
*United States v. Rains*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of October two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> DENNY CHIN,
> EUNICE C. LEE,
>     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                   24-2932

JOSEPH MAHARAJ,

    *Defendant*,

SHAWN RAINS,

    *Defendant-Appellant*.

---

| | |
|---|---|
| *For Appellee*: | Stephanie Simon, Assistant United States Attorney (Benjamin Klein, James Ligtenberg and Jacob R. Fiddelman, Assistant United States Attorneys, *on the brief*), *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

For *Defendant-Appellant*:                    Murdoch Walker, II (Bingzi Hu, *on the brief*), Atlanta, GA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Shawn Rains was convicted after a one-week trial of conspiracy to commit mail fraud, 18 U.S.C. § 1349, mail fraud, *id*. §§ 1341, 2, and conspiracy to commit money laundering, *id.* § 1956(h). The district court sentenced Rains to 144 months' imprisonment and ordered $4,636,150.69 in restitution, including $592,352 in attorneys' fees, to the victim of his scheme, OrthoNet LLC ("OrthoNet"). Rains now challenges his conviction and order of restitution, arguing that the district court erroneously charged the jury on conscious avoidance and improperly ordered Rains to pay OrthoNet's attorneys' fees. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This court reviews properly preserved challenges to jury instructions *de novo*, "reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Calk*, 87 F.4th 164, 177 (2d Cir. 2023) (citing *United States v. Aina-Marhsall*, 336 F.3d 167, 170 (2d Cir. 2003)). But "where a defendant fails to make a specific and timely objection to a district court's jury charge, those instructions are subject to review only for plain error." *United States v. Vilar*, 729 F.3d 62, 88 (2d Cir. 2013). "We review a district court's order of restitution for abuse of discretion." *United States v. Ojeikere*, 545 F.3d 220, 222 (2d Cir. 2008) (citing *United States v. Lucien*, 347 F.3d 45, 52 (2d Cir. 2003)).

## I.    Jury instructions

Rains argues that he is entitled to a new trial because the district court erred when it instructed the jury on conscious avoidance. In particular, he contends that the district court's instruction as to conscious avoidance on the conspiracy charges erroneously applied to the charge of mail fraud. We find no defect in the district court's instructions, whether we review for plain error or *de novo*.

The district court clearly and correctly charged the jury as to the elements of mail fraud. It instructed the jury that it had to find that "the Defendant knowingly and willfully devised or participated in the scheme with the intent to defraud." Trial Tr. at 900-901. This required Rains "to act knowingly and with specific intent to deceive, for the purpose of causing some financial or property loss to another." Appendix at 342. It emphasized that "[t]o conclude on this element, if you find that the Defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the Defendant not guilty." Trial Tr. at 905. Although the district court did give a conscious avoidance charge, it made clear that the jury could "consider conscious avoidance only in deciding whether a defendant knew the objective of the conspiracy." Appendix at 343-44. The district court did not err.

Even if Rains contends that the jury was misled into believing that it could find that he knowingly and intentionally participated in a conspiracy based on conscious avoidance, rather than the required *mens rea* of specific intent, which may be a more appropriate argument, we find no defect in the district court's decision. The district court explicitly instructed the jury that "conscious avoidance cannot be used as a substitute for the finding that the Defendant knowingly and intentionally joined the conspiracy in the first place." Appendix at 344.

Next, Rains contends that it is "logically irreconcilable"—that is, *per se* improper—to instruct the jury as to conscious avoidance on the conspiracy charges where he also faced a charge of mail fraud, which requires a finding of specific intent. *See* Appellant's Br. at 10. That argument is squarely foreclosed by this court's precedent. In a case where a defendant was charged with both conspiracy and an underlying substantive charge, we held that "[e]ven where the government's primary theory is that the defendant has actual knowledge, a conscious avoidance charge can be properly given in the alternative." *United States v. Khalupsky,* 5 F.4th 279, 296 (2d Cir. 2021). The district court did not err in instructing the jury on conscious avoidance as to the conspiracy charges.

## II.      Restitution

Rains next asks that we vacate the district court's restitution order as to attorneys' fees awarded under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A(c). He argues that certain activities performed by OrthoNet's attorneys were not necessary and reasonable under the statute and that OrthoNet's request for fees was not properly substantiated with billing records or other documentation. We conclude that the district court did not abuse its discretion in awarding attorneys' fees as part of its restitution award.

The MVRA permits victims of certain crimes to recover "necessary and reasonable" expenses incurred "during and directly related to participation in the investigation or prosecution" of the offense. 18 U.S.C. § 3663A(a)(4)(A). In this court, it is a "well-established rule that 'necessary expenses' can include attorneys' fees." *United States v. Afriyie*, 27 F.4th 161, 166 (2d Cir. 2022) (citation modified). "Generally, this Circuit takes a broad view of what expenses are 'necessary.'" *United States v. Maynard*, 743 F.3d 374, 381 (2d Cir. 2014). Thus, restitution may

4

even be properly ordered as to "work responding to subpoenas and document requests from the USAO" and "preparing . . . witnesses to testify" at trial. *Afriyie*, 27 F.4th at 173.

But not all attorneys' fees are both "necessary and reasonable" under the MVRA. For example, fees incurred for "monitoring the criminal trial. . . , attending proceedings, reviewing trial transcripts, generating summaries of trial events, and drafting press releases" may not be reimbursable where those activities are not "necessary to advance the prosecution." *United States v. Cuti*, 708 Fed. Appx. 21, 24–25 (2d Cir. 2017). While mere attendance at a trial is not recoverable absent a reasonable need for counsel to be present, the attendance-related attorneys' fees in this matter were for "attend[ing] the testimony of every OrthoNet employee, as well as other important parts of the trial." Appendix at 353. The district court was aware of the parts of the trial that OrthoNet's attorneys attended and believed that these were justifiable. Accordingly, the district court did not abuse its discretion in awarding attendance-related attorneys' fees in these circumstances.

Our court has not held that detailed supporting documentation (*e.g.*, billing records, timesheets, or invoices) must always be produced to substantiate a request for attorneys' fees, although district courts may, in their discretion, require such documentation. *See e.g.*, *United States v. Amato*, 540 F.3d 153, 162–63 (2d Cir. 2008) (reviewing a memorandum and "228 pages of invoices and other documents"); *Afriyie*, 27 F.4th at 165 (reviewing "[m]ore than a hundred pages of timesheets and invoices"). In the instant case, after OrthoNet's attorney offered to give the court "a general sense of how [they] arrived at the fees," the district court requested only "affidavits outlining or detailing how legal fees were arrived at." Sentencing Tr. at 57. OrthoNet's attorney then submitted an affidavit complying with the district court's request. Appendix at 352-57. The

5

district court deemed the detail provided in the affidavit satisfactory; it did not abuse its discretion in doing so.

\* \* \*

We have considered all of Rains' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court